## MULLER *v.* SULKIWSKYJ

JUDGMENT—VACATION—FRAUD—INTRINSIC FRAUD.
> Allegations of fraud which support a finding of intrinsic fraud
> are insufficient to set aside a former judgment.

Appeal from Wayne, Joseph A. Sullivan, J. Submitted Division 1 April 1, 1969, at Detroit. (Docket No. 6,381.) Decided May 26, 1969. Leave to appeal denied December 31, 1969. See 383 Mich 757.

Complaint by Michael Muller and Stella Muller, his wife, against Petro Sulkiwskyj, Petro Palczyk, Pawlo Hloushanyza, Pawlo Malar and Peter Maysura to set aside a judgment on grounds of fraud. Complaint dismissed. Plaintiffs appeal. Affirmed.

*Roman B. Ceglowski,* for plaintiffs.

BEFORE: GILLIS, P. J., and LEVIN and V. J. BRENNAN, JJ.

PER CURIAM. Plaintiffs appeal from an order of the Wayne county circuit court wherein plaintiffs' civil action seeking to set aside a former judgment on the grounds of fraud was dismissed on the grounds of *res judicata.* On appeal it is contended that a separate action to set aside a former judg-

REFERENCE FOR POINTS IN HEADNOTE
30A Am Jur, Judgments § 837.

ment may properly be maintained when grounded on an allegation of fraud. The appellees have filed a motion to affirm the judgment of the lower court.

The allegations in plaintiffs' complaint, if true, support a finding of intrinsic fraud which is insufficient to set aside the former judgment. *Fawcett* v. *Atherton* (1941), 298 Mich 362. It is manifest that the questions sought to be reviewed are unsubstantial and require no argument or formal submission.

The motion to affirm is granted.